# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA D. NEVEL,          )<br>                          )<br>   Plaintiff,             )<br>                          )<br>   v.                     )<br>                          )<br>KILOLO KIJAKAZI, Acting   )<br>Commissioner of Social Security, )<br>                          )<br>   Defendant.             ) | Case No. CIV-22-612-AMG |

## MEMORANDUM OPINION AND ORDER

Laura D. Nevel ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 6, 7), and the parties have fully briefed the issues. (Docs. 19, 21, 22).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 12, 14). For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **Procedural History**

Plaintiff filed applications for DIB and SSI alleging a disability onset date of February 28, 2020. (AR, at 18, 84). The SSA denied the applications initially and on reconsideration. (*Id*. at 82-94, 95-109). An administrative hearing was then held on November 3, 2021. (*Id*. at 44-81). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 15-43). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     **The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2020, the alleged onset date. (AR, at 21). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "carpal tunnel syndrome, obesity, anxiety, bipolar disorder, post-traumatic stress disorder (PTSD), and personality disorder, and attention-deficit disorder (ADD)." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 22). The ALJ then determined that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations. [Plaintiff] should do no climbing of ladders, ropes, or scaffolds. Stooping, crawling, crouching, kneeling, balancing, and climbing ramps or stairs can be done occasionally. Handling and fingering can be done frequently, bilaterally. Due to mental impairments, [Plaintiff] can understand, remember, and carry out simple or intermediate level instructions, and perform simple and some tasks of intermediate level

2

> difficulty, under routine supervision, such that she is capable of doing simple or semi-skilled work. [Plaintiff] can relate to supervisors and co-workers on a superficial and work-related basis. She can adapt to a work situation.

(*Id*. at 25). Then, at Step Four, the ALJ concluded that Plaintiff "is capable of performing past relevant work as a Cashier II" as "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." (*Id*. at 36). In addition, at Step Five, the ALJ found when "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the [Plaintiff] also can perform" such as a conveyor line bakery worker, merchandise marker, or linen folder. (*Id*. at 37). Thus, the ALJ found that Claimant had not been under a disability since February 28, 2020. (*Id*. at 38).

### III.   Claims Presented for Judicial Review

Plaintiff raises two issues on appeal. First Plaintiff argues that "[t]he ALJ failed to properly evaluate the medical source evidence" provided by counselor Aubrie Bayless, LPC, and Dr. Melinda Cail. (Doc. 19, at 4-9). Next, Plaintiff claims that "[t]he ALJ failed to discuss and properly evaluate all of the pertinent evidence in the file" by ignoring evidence of a suicide attempt and subsequent hospitalization. (*Id*. at 4, 9-10).

The Commissioner, however, claims that "[s]ubstantial evidence in the record supports the ALJ's mental residual functional capacity assessment." (Doc. 21, at 7-10). The Commissioner further argues that "the ALJ considered the persuasiveness of each relevant medical opinion," including those of Ms. Bayless and Dr. Cail. (*Id*. at 10-15).

**IV.     The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521; 416.921 *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a); 416.902(a), 416.913(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     The ALJ Failed to Articulate the Consistency of Ms. Bayless' Medical Opinion.**

An ALJ is required to evaluate every medical opinion of record.  *See* 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.") "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or restriction in the ability to perform physical, mental, or other demands of work or to adapt to environmental conditions.  20 C.F.R. § 404.1513(a)(2).

An ALJ considers medical opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. *Id*. § 404.1520c(a). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion. *Id*. § 404.1520c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2).[3] The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

Plaintiff argues that the ALJ failed to explain his consideration of the consistency factor for an August 18, 2021, medical source statement provided by Ms. Bayless of

---

[3] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

Seasons of Change Behavioral Health Services, Inc. (Doc. 19, at 5-8). The Commissioner does not dispute the characterization of this statement as a medical opinion. (Doc. 21, at 11-12). In formulating the RFC, the ALJ extensively discussed the medical opinion by Ms. Bayless:

> The opinion of Counselor Aubrie Bayless, LPC, who provided her opinion regarding the claimant's ability to do work activity on August 18, 2021. Counselor Bayless opined that the claimant had mild limitation in her ability to understand and remember and carry out simple instructions, and in her ability to make judgments on simple work-related decisions. She stated that the claimant had moderate limitation in her ability to understand and remember complex instructions. She indicated that the claimant had marked limitation in her ability to carry out complex instructions and to make judgments on complex work-related decisions (Exhibit 16F, p. 1). Counselor Bayless stated that the claimant had mild limitation in her ability to interact appropriately with the public and co-workers, she had moderate limitation in her ability to interact appropriately with supervisors. She had marked limitation in her ability to respond to usual work situations and changes in a routine work setting (Exhibit 16F, p. 2). **The undersigned finds this opinion not persuasive. Counselor Bayless stated that she treated the claimant since February 3, 2021 for bipolar disorder, PTSD, and ADHD. She stated that the claimant met criteria for these impairments, but she did not provide treatment records to support her opinion.** Counselor Bayless stated that the claimant had functional impairments due to her symptoms that were barriers to maintaining employment (Exhibit 15F). However, Counselor Bayless also states that the claimant has only mild limitation in her ability for simple work tasks and only mild limitation in her ability to interact with others (Exhibit 16F, p. 2). In her letter, Counselor Bayless stated that the claimant's bipolar disorder was not severe enough to cause marked impairment in social or occupational functioning (Exhibit 15F, p. 1).

(AR, at 35-36) (emphasis added). But despite this extensive discussion, and despite the ALJ's articulation of the persuasiveness and supportability of Ms. Bayless' opinion, the ALJ completely failed to explain his evaluation of the consistency of this medical opinion by comparing it to the other evidence of record. (*Id.*); *see* 20 C.F.R. § 404.1520c(b).

"Without this explanation, we cannot meaningfully review the ALJ's weighing of [this] medical opinion[] to determine if [his] reasons for rejecting the opinion[] . . . are supported by substantial evidence and whether [he] applied the correct legal standards in arriving at these conclusions." *Guice v. Comm'r, SSA*, 785 F. App'x 565, 575 (10th Cir. 2019). Accordingly, remand is required.[4]

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 27th day of April, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).